IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 316-001 |
| | ) | |
| ANTHONY SOUTHERLAND | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by the parties. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

**GENERAL DISCOVERY MOTION**

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with all agency reports, the indicting and investigative grand jury transcript, and copies of all audio and video material. (Doc. no. 72, p. 1.) Defendant's post-arrest statements have also been provided. (Id. at 2.) Accordingly,

the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**.[1] (Doc. no. 30.)

## MOTION FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide liberal discovery and the unopposed nature of the request, the Court **GRANTS** this motion, (doc. no. 71), and any information not yet furnished shall be provided to the government no later than fourteen days prior to trial. To the extent the government requests a pre-emptive order excluding any evidence or witness testimony not disclosed in accordance with this ruling, the Court defers all rulings on the admissibility of evidence at trial to the presiding District Judge.

SO ORDERED this 19th day of May, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defense counsel did not respond the deficiency notice from the Clerk of Court. (See doc. no. 40.) Nonetheless, in an abundance of caution, the Court rules on this technically-improper, consolidated motion.